# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| NORMAN KOONCE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV421-014 |
| | ) | |
| SHAWN ENMONS, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

The Court directed *pro se* petitioner Norman Koonce, Jr. to file an amended § 2254 petition. *See generally* doc. 21. The Court's Order required him to submit it no later than October 1, 2021. *See id.* at 8. More than six months have passed since that deadline expired, and Koonce has not responded to the Court's Order. *See generally* docket. Because Koonce has failed to comply with the Court's Order, this action is due to be dismissed without prejudice for his failure to prosecute his claims.

This Court has the authority to prune cases from its dockets where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the

inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992); *see also, e.g., Barnes v. Gordy*, 2021 WL 6753928, at *1 (S.D. Ala. Nov. 23, 2021) *adopted* 2022 WL 277349 (S.D. Ala. Jan. 26, 2022) (dismissing § 2254 petition, pursuant to Rule 41(b), for failure to prosecute); *Allen v. Tatum*, 2014 WL 5308010, at *1 (S.D. Ga. Sept. 22, 2014) *adopted* CV414-169, doc. 12 (S.D. Ga. Oct. 2, 2014) (same). Plaintiff's case should thus be **DISMISSED** without prejudice for failing to prosecute his case. To the extent that Koonce wishes to pursue his habeas petition, he must submit the Amended Petition required by the Court's prior Order within the fourteen-day objections period, discussed below. If he does so, he must also respond to this Report and Recommendation and show cause why he failed to submit the Amended Petition timely.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

    **SO REPORTED AND RECOMMENDED**, this 6th day of June, 2022.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia